## WILLIAMS v. ROBISON et al.

1. Appeal: DELIVERY BOND. An appeal bond, removing a cause in which a delivery bond has been executed to discharge property from attachment, to the Supreme Court, does not discharge the sureties on such bond.

*Appeal from Keokuk District Court.*

TUESDAY, DECEMBER 18.

IN December, 1858, plaintiff sued the defendant, Robison, in attachment, under which $1,000 worth of personal property was seized and taken into possession by the sheriff. On the same day Robison and his co-defendants executed a replevin bond for the delivery of said property or its estimated value to the sheriff within twenty days from the rendition of any judgment which might be rendered against the said Robison.

The bond is the foundation of this action. A judgment of $600 was obtained against Robison, which remains unsatisfied. Breaches of the condition of the bond are averred, and a judgment asked, &c.

The defense of the sureties of Robison on the bond is, that after the judgment was rendered against Robison in the suit, they were willing, as they were ready, to deliver the property described in the bond to the sheriff, but that Robison removed the cause by appeal to the

Supreme Court of this State, and filed a supersedeas bond therein, whereby in law they were released from all further liability on their delivery bond. The court, against the exceptions of the defendants, sustained a demurrer to this defense; and, without pleading over or answering further, the defendants consented with the plaintiff that the cause might be tried to the court, which, hearing the testimony, finding the facts and allowing credits, rendered a judgment for the plaintiff in the sum of $441 and costs; after which a motion for a new trial was made and overruled, and the defendants appeal.

*Hendershott & Burton* for the appellants.

*Woodin & Sampson* for the appellee.

LOWE, Ch. J.— Whether an appeal bond, removing a cause from the District to the Supreme Court, has the *1. APPEAL: delivery bond.* effect to discharge the sureties on a delivery bond, is a question not heretofore directly decided by this court, that we are aware of.

In this case the court below ruled the negative of this question, and this is the first objection which the appellant makes to the proceedings. The reason of the objection is not made apparent to us. As a security to the plaintiff, the delivery bond takes the place of the attachment lien, and has the effect to release the property and restore it to the custody of the defendant. Now, as the attachment lien is not taken away and lost to the plaintiff, by perfecting an appeal to the Supreme Court, in the execution of a supersedeas bond by the defendant, so we suppose, reasoning from analogy, that an appeal bond does not in law or equity have the effect of cancelling the obligations of a delivery bond. Whilst we see no good reason for holding such a doctrine, we discover no provision of statute that would authorize or justify it.

Again, this delivery bond is the creature of the statute which prescribes the conditions thereof, and among others is the stipulation that the attached "property or its estimated value should be delivered to said sheriff to satisfy any judgment which may be obtained against the defendant within twenty days from the rendition thereof."

Now, a failure to comply with this condition within the time prescribed, would establish the liability of the obligors to pay the estimated value of the property, if it required that much to satisfy the judgment obtained; so that the depreciation of the property could be a matter of no consequence, and the court did not err in excluding evidence proposed to be offered to show that fact; nor could this liability once fixed be extinguished by the defendant subsequently appealing his case to the Supreme Court, and executing a supersedeas bond with approved security.

We can conceive no reason why this should be so, nor why the plaintiff is not entitled to either or both securities for his claim, and that, too, if he chooses in the order of time in which the same was created. When we speak of the defendant subsequently appealing, we do so because there is no averment in the answer of the defendants or the finding of facts by the court that would lead us to conclude that the appeal in the attachment suit was taken within the twenty days after the rendition of the judgment. If this was so, and the fact would have made in favor of the defendants, they should in some way have made it known to the court.

It is proper to state, in this connection, that the facts found by the court did not show that the defendants ever offered to deliver or pay the estimated value of the property (which was $1,000) to the sheriff within the twenty days or at any time. On the other hand it does find that the property was taken out of the State or otherwise

disposed of before the judgment was rendered, and that it could not be reached by legal process.

The only other error relied upon in argument is, that the court rendered a larger judgment for the plaintiff than the facts found would justify. In making a computation upon the data furnished we do not find the objection sustained and we accordingly order the judgment below to stand

Affirmed.